UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIUS SIMS,

       Petitioner,                                      Case Number 12-13506

v.                                                    Honorable David M. Lawson

STEVEN RIVARD,

       Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

The petitioner, Darius Sims, presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted by a jury in the Wayne County Circuit Court of second-degree murder, Mich. Compiled Laws § 750.317, and possession of a firearm during the commission of a felony (felony firearm), Mich. Compiled Laws § 750.227b. He was sentenced on March 14, 2008 to thirteen years on the second-degree murder conviction and two years on the felony firearm conviction. The petitioner raises three claims regarding his trial attorney's failure to present defense witnesses, his attorney's conflict of interest due to prior representation of a codefendant, and his attorney's personal conflict of interest with the prosecutor's office at trial.

On September 4, 2012 the petitioner filed a motion to hold the petition in abeyance, asking the Court to stay his habeas proceeding while he exhausts his state court remedies for six additional claims that he did not present in his petition or during his direct appeal. For the reasons discussed below, the Court will grant the petitioner's request, stay the petition, establish conditions under which he must proceed, and administratively close the case.

I.

The petitioner was convicted of the charges listed above following a jury trial in the Wayne County Circuit Court. The petitioner's conviction was affirmed on appeal. *People v. Sims,* No. 284564 (Mich. Ct. App. Dec. 7, 2010); *lv. den.* 489 Mich. 972, 799 N.W.2d 8 (2011) (Table).

On August 6, 2012, the petitioner filed an application for habeas relief with this Court, in which he seeks relief on the three claims that he raised in his direct appeal with the Michigan courts. Although the petition was docketed on August 9, 2012, under the prison mailbox rule the Court will deem the petition filed on August 6, 2012, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, n.1 (E.D. Mich. 2001). The petition raises the following claims:

I. Defendant was denied his state and federal constitutional right to the effective assistance of counsel at trial, where defense counsel failed to secure the presence of two critical defense witnesses.

II. [Defendant was denied his state and federal constitutional right to the effective assistance of counsel at trial], [w]here trial counsel had an actual conflict of interest due to his representation of the co-defendant.

III. [Defendant was denied his state and federal constitutional right to the effective assistance of counsel at trial], [w]here trial counsel believed he had a personal conflict of interest with the Wayne County prosecutor's office during the time of trial.

On September 4, 2012, petitioner filed a motion to hold the habeas petition in abeyance so that he can return to the Wayne County Circuit Court to present new claims in a postconviction motion for relief from judgment. In his motion to hold in abeyance, petitioner lists six claims that he plans to present to the trial court in his postconviction motion for relief from judgment:

I. Defendant Sims was denied a fair trial when the prosecutor repeatedly referred to evidence contrary to the record to bolster her witnesses['] credibility, continuously made improper statements, and improperly appealed to the [sympathies] of the jury—constituting prosecutorial misconduct in violation of [defendant's] State and United State[s] constitutional right to a fair trial.

II. Defendant Sims was denied a fair trial and due process through prosecutor misconduct where prosecution witnesses knowingly [gave] false and perjured testimony, obtaining a conviction

through perjured testimony and the prosecution failed to correct it.

III. Defendant was denied his State and Federal constitutional right to effective assistance of counsel and to due process where trial counsel had an actual conflict of interest due to counsel blaming defendant of committing the crime at co-defendant's trial.

IV. Defendant was denied his State and Federal constitutional right to effective assistance of counsel and to due process where counsel [failed] to present a strategic defense, failed to be prepared, and failed to investigate.

V. The great weight of the evidence presented was insufficient to establish beyond a reasonable doubt that the defendant / appellant, Darius Sims, was guilty of aid[ing] and abetting 2nd degree murder.

VI. Defendant Mr. Sims is entitled to a new trial where the public was excluded from the courtroom and there was no accommodation for public access to the proceedings during jury selection which violated Mr. Sims['] Sixth Amendment right to a public trial, and defense counsel was constitutionally ineffective when he failed to object to the closure of the courtroom to the public.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845. A prisoner " 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99 (1995) (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987))). A Michigan petitioner must present

each ground to both Michigan appellate courts before seeking federal habeas relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)).

If there are state court procedures available to a petitioner to present constitutional claims, he must use them. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). The Michigan Court Rules furnish a remedy by which the petitioner may raise his unexhausted claims. The petitioner may file a motion for relief from judgment in the Wayne County Circuit Court pursuant to Michigan Court Rule 6.502, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument, and conduct an evidentiary hearing on the petitioner's claims. The petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court, and he may thereafter file a petition for writ of certiorari in the United States Supreme Court. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997). To obtain relief in state court, he will have to show cause for failing to raise his unexhausted claims on direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96 & n. 3 (6th Cir.1995). The petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance so the state court will have an opportunity to decide whether he has established "cause" for his failure to present this claim on direct review.

The Supreme Court has held that the filing of a federal habeas petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the Supreme Court's decision in *Duncan* did not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id*. at 182-83 (Stevens, J., concurring). The Supreme Court nonetheless has cautioned that a stay is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner has not "engage[d] in abusive litigation tactics or intentional delay." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state postconviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A

federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court postconviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

The statute of limitations in 28 U.S.C. § 2244(d) should cause the petitioner some concern. The Michigan Supreme Court denied the petitioner's application for leave to appeal on June 28, 2011. The petitioner's convictions then became final ninety days later, on September 26, 2011, when the time during which he could have filed a petition for a writ of certiorari in the United States Supreme Court expired. The one-year limitations period commenced the following day, September 27, 2011. *See Bronaugh v. Ohio*, 235 F.3d 280, 284–85 (6th Cir.2000) (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). The petitioner filed the pending petition on August 6, 2012. If the Court does not toll the limitations period during the pendency of his state-court action, the limitations period will have expired and any subsequent habeas petition filed by him would be untimely.

The Court therefore will grant the petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust additional claims. The three claims that the petitioner raises in his petition have been exhausted, but the six he raises in his motion for abeyance have not. The petitioner's claims do not appear to be "plainly meritless," *Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009), and he may assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.*, at 419, nn.4 and 5. It does not appear that the petitioner has engaged in "intentionally dilatory tactics."

However, even where a district court determines that a stay is appropriate pending

exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by the petitioner in exhausting his state court remedies, this Court will impose upon the petitioner time limits within which he must proceed with his state court postconviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). The petitioner must present his claims in state court within fifty six days from the date of this Order. Further, he must ask this Court to lift the stay within twenty eight days of exhausting his state court remedies.

### III.

Accordingly, it is **ORDERED** that the petitioner's motion to hold petition in abeyance [dkt. #7] is **GRANTED**.

It is further **ORDERED** that the petitioner must file a motion for relief from judgment with the state court within **fifty six (56) days of receipt of this Court's order.** If the petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice. If the petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of his claims.

The Court warns the petitioner that the one-year statute of limitations will not be tolled unless his motion for relief from judgment is "properly filed" and addresses "the pertinent judgment or claim[s]." 28 U.S.C. § 2244(d)(2); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). An application for postconviction relief is "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) if it is submitted in accordance with the state's procedural requirements. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These procedural requirements usually specify the form of the document, the time

limits for delivery, the location for filing a postconviction motion, and the filing fee. *Ibid*.

It is further **ORDERED** that the petitioner must file an amended petition in this Court within **twenty eight (28) days** after the conclusion of the state court proceedings. If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **six months** thereafter. If the petitioner returns to federal court with an amended petition, following exhaustion of his state court remedies, he must use the same caption and case number as appears on this order.

It is further **ORDERED** that to avoid administrative difficulties the Clerk of Court **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or adjudication of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: September 24, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 24, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL